### G. L. Utter & Son, Appellants, v. J. D. Bristow, Appellee.

VERDICT—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

*Assumpsit.* Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908. Rehearing denied February 25, 1909.

PILLOW, SMITH & STONE, for appellants; H. M. PHIPPS, of counsel.

DENISON & SPILLER, for appellee; W. A. WALL, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of assumpsit, brought by appellants to recover from appellee, on a claim for commissions in the sale of real estate owned by appellee. On plea of general issue the case was tried by the court, without a jury. The finding and judgment was for the defendant, from which an appeal was taken to this court.

The only question made in argument is, whether or not the finding and judgment are justified by the evidence. There is no dispute of facts; the contract upon which appellants rely to establish liability is based entirely upon written correspondence pertaining to the matters in controversy.

The appellee owned a farm of 280 acres of land in Pulaski county, which he desired to sell. Charles Wehrenberg, of Pulaski county, was a real estate agent, as were also the appellants, G. L. Utter & Son of Mt. Carmel, Illinois. On June 16, 1906, the appellee gave to Charles Wehrenberg, in writing, the exclusive right to sell his farm in Pulaski county for the period of sixty days. On July 13, 1906, G. L. Utter & Son wrote to appellee, telling him that they thought they had a good prospect for selling his land; that they had written three letters to Wehrenberg to get information about the land, to which the latter had made no reply, and asking for terms of sale. On July 15, 1906, appellee replied to appellants' letter, quoting them his terms of sale, but first saying: "In reply will say that a month ago I gave Mr. Wehrenberg an exclusive privilege for sixty days to sell my Oaktown farm; and he said at the time he could sell in thirty days but for sure he wanted sixty; the term will expire on the 15th prox., and he will never get another at any price. He has a friend that wants the place but is not just ready

to close." After receiving this letter appellants took parties down to Pulaski county to see the farm and exchanged several letters with appellee in regard to the condition of the farm, and title, abstract and the time when appellee could give possession, etc. In several of these letters appellee reminded appellants of the "Wehrenberg interests", and told them he could not close up any deal with them until after the 15th of August, when Wehrenberg's option would expire.

On August 1, 1906, appellants wrote to appellee: "Dear Sir:—I closed the deal on your place yesterday. Received $100 to close the deal, balance on time to suit ·at 6 per cent. Party will want possession September 1st, 1906. Please send me your abstract as he wants it examined here. He pays $2,000 cash on or before August 15th, '06. We sold for $6,500. Keep this deal to yourself. Say nothing to Chas. W., about it. Please send abstract as soon as possible. Yours truly". To which appellee replied, under date of August 3rd, expressing approval of the sale upon terms stated, but adding: "We cannot close this trade until after the 15th inst., unless we satisfy Mr. Wehrenberg, as he has some right to sell up to that time; however he told me recently that if I had an opportunity to sell or trade he would release me from my obligation upon the payment to him of his commission in case he found a buyer for the land. He has in some way surmised that I have sold and telephoned me that he had a buyer and seemed surprised that I offered to make a deed. I am going to Mound City to-day and see what he has, but will hold for you or until your client is informed as to the condition of title." The party to whom appellant made the sale paid $100 down and agreed to pay the balance, $2,000, on the 15th of August, and appellee to have everything ready to close up the deal on the 16th of August. On August 14th, Wehrenberg sold the land, to which appellee made this deed, and at once so notified appellants.

Wehrenberg had the exclusive right as agent to

sell the land at any time prior to August 15th, and appellee was obligated to make deed and conveyance to the buyer furnished by Wehrenberg. Appellants were informed of Wehrenberg's right and appellee's obligation, by the letter of July 15th, and in the correspondence that followed we find no expression by appellee from which appellants could reasonably infer or understand that Wehrenberg's right to sell the land had been surrendered or canceled, and it is not to be assumed, from anything contained in the correspondence, that either appellee or appellants intended wrongfully to ignore Wehrenberg in the transaction. In every letter written by appellee it is made clear that he could make no deal with appellants until after August 15th, unless released by Wehrenberg. It is apparent that the negotiations were carried on in the expectation that appellee would secure a release from Wehrenberg or that the sixty days for agency contract with him would expire without his being able to furnish a buyer.

We think it is evident from all that was done that this was the understanding of both parties to this controversy throughout the negotiations, and that the sale for which appellants claim commissions was upon condition that Wehrenberg did not sell before August 15th, at which time his exclusive agency would expire.

There was rivalry between agents striving to sell the same property and in such case it sometimes results in a double claim against the owner for commissions, but in this case, the appellee is not so subject, for he was explicit by repeated statement that he was so obligated that he could not sell his land through the agency of appellants until the agency of Wehrenberg expired. The judgment of the Circuit Court is in accordance with the evidence and must be affirmed.

*Affirmed.*